WELDON LOUIS WELLS V. STATE.

No. 31,065. December 2, 1959.
Motion for Rehearing Overruled January 13, 1960.

*Lawrence Arnim,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Monroe Northrop,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

These convictions are for aggravated assault under a two count indictment charging separate and distinct offenses of aggravated assault by an adult male upon a female. The punishment was assessed at thirty days in jail and a fine of $150 in each count.

An order was entered in the District Court No. 2 of Harris County, where the indictment was returned by the grand jury, transferring it to the County Court at Law No. 2 where this trial was had.

The testimony of the state shows that on May 19, 1958, the appellant, an adult male, struck Janice Dingler, a female, age 16, with "his backhand" and he also slapped her and knocked her around while urging her to work as a prostitute.

In support of the other count, the evidence of the state shows that about July 15, 1958, the appellant, an adult male, hit Rosemary Laine, a female, age 19, with the back of his hand because she had made several efforts to escape from the motel.

Appellant testified in his own behalf but did not deny and gave no testimony about the assaults he is alleged to have made on the witnesses Dingler and Laine.

He called one witness by whom he sought to attack the reputation of the witness Janice Dingler. He also proved by another witness that he did not strike the state's witness Rosemary Laine.

The jury resolved the facts against the appellant and the evidence is sufficient to support the conviction under each count.

Appellant complains of the state being permitted over his objection to impeach its witness Janice Dingler by the use of a written statement she had previously made to the police.

Although the written statement was referred to by both the state and the appellant and marked for identification, it does not appear in the record. In the absence of such statement or the matters contained therein the complaint cannot be reviewed. Hence, no error is shown.

The judgment is affirmed.

Opinion approved by the Court.